Filed 7/10/15  In re B.T. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re B.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>B.T.,<br><br>        Defendant and Appellant. | A144053<br><br>(Solano County<br>Super. Ct. No. J41711) |

17-year-old B.T. (appellant) appeals from the juvenile court's dispositional order placing him in the juvenile hall's Challenge Academy following a finding that he unlawfully received a stolen vehicle (Pen. Code, § 496d, subd. (a)).  Appellant's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and requests that we conduct an independent review of the record.  Appellant was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and shall affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Prior Proceedings*

On December 5, 2012, appellant was declared a ward of the court and placed on probation in his mother's care after he admitted one count of misdemeanor battery (Pen. Code, § 242).  On January 10, 2013, a notice of hearing was filed alleging appellant

1

had violated his probation by failing to obey his mother and abide by his curfew. Appellant admitted the curfew violation.

On April 4, 2013, a notice of hearing was filed alleging appellant had violated his probation by failing to obey his mother and failing to abstain from marijuana. The next day, the juvenile court revoked appellant's probation and issued a bench warrant for his arrest. Appellant surrendered himself to the police department and was booked into juvenile hall. He admitted he failed to obey his mother. The juvenile court continued its prior orders, placed appellant in juvenile hall, and gave probation discretion to release appellant to home detention with electronic monitoring. The court also ordered counseling and drug/alcohol and anger management services for appellant.

On August 28, 2013, a notice of hearing was filed alleging appellant left home overnight without his mother's permission and that his whereabouts were unknown. Appellant failed to appear for a mandatory weekend at juvenile hall, failed to abstain from drugs and alcohol, and failed to appear for a mandatory family therapy session. Appellant admitted he failed to appear for a mandatory weekend and the juvenile court continued its prior orders.

On October 15, 2013, a notice of hearing was filed alleging appellant failed to attend school and failed to abide by a curfew. He admitted he failed to attend school and the juvenile court continued its prior orders. Another notice of hearing was filed November 21, 2013, alleging appellant failed to attend school and abide by conditional release orders, and had failed to drug test as ordered. A bench warrant was issued the following day. Appellant admitted he failed to attend school, and the juvenile court removed appellant from his mother's care and ordered, among other things, mental health counseling and drug and alcohol services, and imposed gang-related terms and conditions. A 15-day-review indicated appellant had been placed at Wilderness Recovery Center.

On January 21, 2014, a notice of hearing was filed alleging appellant left his placement without permission and that his whereabouts were unknown. A bench warrant was issued.

2

On February 3, 2014, a wardship petition was filed alleging appellant committed misdemeanor petty theft (§ 484, subd. (a)).  The juvenile court sustained one count of misdemeanor petty theft after a contested jurisdictional hearing, and ordered appellant into placement.  Appellant appealed, and we affirmed the dispositional order by written opinion filed October 27, 2014.  (*In re B.T.* (Oct. 27, 2014, A141168) [nonpub. opn.].) Thereafter, appellant admitted he violated his probation, and the juvenile court vacated its placement order and terminated probation unsuccessfully on August 20, 2014, in light of the family's intent to move to Florida.

### *Current Proceedings*

On December 15, 2014, a new wardship petition was filed under Welfare and Institutions Code section 602, subidivision (a) alleging counts of unlawful taking of a motor vehicle and receiving a stolen vehicle.  The petition was based on an incident that occurred on December 11, 2014.  That day, appellant was arrested with three other youths when they were found near a crashed car on the side of the road.  All four gave conflicting stories about the car, which had been stolen out of Vallejo.  Appellant consistently denied knowing that the car had been stolen, and said he felt betrayed and hurt by his friends.

Appellant admitted the receiving a stolen vehicle charge (Pen. Code, § 496d(a)), which was reduced by agreement to a misdemeanor.  The probation department recommended that appellant be placed at the juvenile hall's Challenge Academy.  The department noted his history of non-compliance with community-based services and his pattern of running away from placements.  At a contested dispositional hearing, the probation officer who authored the report testified that Challenge Academy was a nine-month program that focused on changing poor thinking and choice patterns.  She agreed that other group home placements were available, but opined that appellant needed a higher level of treatment because he had continued to make poor decisions.  The district attorney argued that returning appellant home was not appropriate because community-based services had not been effective.

Appellant's mother addressed the court and stated that appellant had not realized what he was getting into when he accepted the ride from his friends, and that he was being unfairly punished. She stated that his grades in school were improving, and that her own relationship with appellant was getting better. She asked that he be returned to her, with mandatory counseling and drug testing imposed. Appellant also addressed the court, stating he had joined a skate team in Vallejo and was working on improving his relationship with his stepfather and mother. He asked for one more chance to demonstrate that things had improved at home, and that he would not offend in the future. Defense counsel argued that appellant had been doing better and that his relationship with his mother had improved. Counsel argued that appellant's criminal behavior was minor, that he did not pose a danger to the community, and that his conduct did not justify the nine-month commitment entailed by a Challenge Academy order.

The juvenile court stated that the primary purpose of the juvenile law was to rehabilitate minors. It noted that a referral to the Family Preservation unit had been unsuccessful because appellant would not do what he was supposed to do. The court noted that he had failed at Wilderness Outreach and had been unable to get through Rites of Passage. The court stated that it had only terminated probation because the family was moving to Florida, a move that did not take place. The court found that appellant's history showed that sending him home would not be successful, and that a commitment to New Foundations was not appropriate because drug or alcohol addiction was not his problem. It found there were no other programs that would fit his needs, and that the mental health and corrective thinking components of the Challenge Academy were appropriate and necessary. The court imposed wardship and committed appellant to the probation department's care and custody for placement at the Challenge Academy. Appellant was placed at the Challenge Academy on January 12, 2015.

**DISCUSSION**

Appellant's counsel has filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, and asks this court to independently review the entire record to determine if it contains any issues which would, if resolved favorably to the appellant, result in

4

reversal or modification. A review of the record has disclosed no reasonably arguable appellate issue, and we are satisfied that counsel has fully complied with her responsibilities. (*Ibid.*; *People v. Kelly* (2006) 40 Cal.4th 106.) The record shows appellant entered his admission knowingly and willingly. The juvenile court did not abuse its discretion by placing appellant at the Challenge Academy. Appellant was adequately represented by counsel at every stage of the proceedings. There was no sentencing error. There are no issues that require further briefing.

### DISPOSITION

The judgment is affirmed.

_____
McGuiness, P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.